Marguerite DONAHUE, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 84–C–0497.

United States District Court, E.D. Wisconsin.

Jan. 3, 1985.

Shirin Cabraal, Legal Action of Wis., Inc., Milwaukee, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the plaintiff's motion for an award of attorneys' fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). For the reasons stated below, the Court concludes that the motion shall be granted.

## BACKGROUND

This action was initiated on April 13, 1984, when the plaintiff filed her complaint, seeking judicial review of the denial by the Secretary of Health and Human Services (the "Secretary") of her request for waiver of certain overpayments in Supplemental Security Income benefits. Although payments to the plaintiff were terminated effective September 30, 1981, based upon a finding that her disability had ended effective July 1981, the plaintiff had opted to have her benefits continued . through the administrative appeal process. When the Administrative Law Judge upheld the disability termination, the plaintiff was notified that she had been overpaid in the amount of $2,997.40.

The plaintiff's subsequent request for a waiver of the overpayment was denied by the Administrative Law Judge on September 26, 1983, and her request for review of that decision was denied by the Appeals Council on February 9, 1984. As indicated above, the present action, challenging the Secretary's finding that the plaintiff "was at fault in causing the overpayment [as] not supported by substantial evidence in

the record which shows that plaintiff had a firm belief that she was in fact disabled and destitute and therefore entitled to the benefit checks," Plaintiff's *Complaint* at 2–3 (April 13, 1984), was filed some eight weeks later.

This Court granted the plaintiff leave to prosecute her claims in forma pauperis, pursuant to 28 U.S.C. § 1915(a), by its *Order* of April 17, 1984. Eight weeks after that, on June 15, 1984, the Secretary interposed her answer, denying all substantive allegations in the complaint and averring that her "findings of fact with respect to plaintiff's Title XVI claim for supplemental security income benefits are supported by substantial evidence and are conclusive." Defendant's *Answer* at 2 (June 15, 1984). Accompanying the Secretary's answer was a certified copy of the transcript of the record upon which the challenged administrative findings and decisions had been based.

Pursuant to the Clerk of Court's scheduling letter of June 29, 1984, the parties were ordered to file their cross-motions for summary judgment by September 12, 1984. Although the plaintiff filed such a petition, seeking summary reversal of the Secretary's decision, the Secretary herself chose, instead, to interpose a motion for the entry of a dispositive order, pursuant to 42 U.S.C. § 405(g), based on her inability to locate and incorporate into the administrative record certain notices purportedly sent to the plaintiff, advising her that continued receipt of benefits could result in an overpayment potentially recoverable by the Government at a future time.

As counsel for the Government described his client's position, the central issue of whether the Secretary should have waived the right to seek recoupment turned principally on the propriety of the administrative finding that the plaintiff was, in fact, notified of the recoupment option. However, the record filed with the Court

> ... does not contain those written notices to plaintiff listed on pages 71–72 of the record.

Due to the absence of records described, counsel for the Secretary are unable to prove to the Court that such notices were sent to and received by plaintiff, or at what times. . . .

Counsel for the agency has also informed the [United States Attorney] that based upon discussions as recent as September 11, 1984, the client agency remains unwilling to voluntarily waive the right of potential recovery.

Counsel for the agency and the [United States Attorney] agree that, without the requisite documents in the record before the Court, they cannot in good faith argue to the Court that plaintiff had received the notice noted by the Administrative Law Judge.

Defendant's *Motion For Entry of Dispositive Order* at 1–2 (September 12, 1984).

Based on this statement of position, the Court, on October 11, 1984, entered an order reversing the Secretary's decision that the plaintiff was at fault in causing the overpayment and approving the plaintiff's request for waiver of recovery by the Secretary. In that order, the Court also granted the plaintiff's attorney leave to seek attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)—a request embodied in counsel's present motion, filed on November 14, 1984. To date, the Secretary has filed no brief in opposition to that motion.

## THE EQUAL ACCESS TO JUSTICE ACT AND THE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

The Equal Access to Justice Act provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] At the time the statute was enacted, it was clearly experimental in nature—an attempt to extend application of existing common law and statutory exceptions to the American Rule on attorneys' fees to the Government and, in addition, to require the award of fees in those circumstances described in § 2412(d)(1)(A). *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 227 (D.Md.1981). The Court of Appeals for the Seventh Circuit has described the several purposes of the Act this way:

The EAJA was enacted largely to encourage individuals and small businesses to litigate against the government adverse determinations in administrative proceedings and civil actions, regardless of the cost of such litigation. In view of the traditional American rule regarding attorneys' fees, however, Congress concluded that, if it were to facilitate a prevailing private party's obtaining reimbursement for his or her legal expenses, then individuals and small businesses would be less likely to be deterred from challenging government action due to the high cost of civil litigation. . . .

The EAJA also has a parallel objective of deterring the government from pursuing litigation—either in initiating it or defending against it—when the government's position is not substantially justified. According to House Report 1418, the prevailing bill—S. 265—"rests on the premise that a party who chooses to litigate an issue against the Government is not only representing his or her own vested interest but is also refining and formulating public policy." H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 9, 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984. Litigation against the government, for example, can correct an erroneous agency rule of "provide a vehicle for developing or announcing more precise rules." H.R.Rep. No. 1418, *supra*, at 10.

House Report 1418 also indicates that Congress intended the EAJA to apply to appeals to the federal courts under the Social Security Act, although attorneys' fees are not available in administrative proceedings under that Act. H.R.Rep. No. 1418, *supra*, at 12 [additional citations omitted]. . . .

The EAJA accordingly was enacted to establish a *general* statutory exception for awarding attorneys' fees to parties who prevail against the government. This was intended to be accomplished by "permit[ting] a court in its discretion to award attorneys' fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving other parties." H.R.Rep. No. 1418 *supra*, at 9.

*Berman v. Schweiker*, 713 F.2d 1290, 1295–1296 (7th Cir.1983).

---

1. Incorporated in the extensive 1980 amendments to the Equal Access to Justice Act was a so-called "sunset" provision, repealing subsection (d) of the statute effective October 1, 1984, "except that the provisions of that subsection shall continue to apply through final disposition of any action commenced before the date of repeal." On October 11, 1984, the Congress attempted to rescue the Equal Access to Justice Act from oblivion in a form which would have substantially broadened the scope of the Government's potential liability. Among other things, H.R. 5479, in the version with which the Senate finally concurred, would have established clearly the standard for determining whether the Government's position is "substantially justified": the "position" to be considered would include the prior administrative action that led to the adversary adjudication—not merely the Government's litigation posture.

On November 8, 1984, however, the President effected a pocket veto of the legislation by issuing a memorandum of disapproval of certain statutory changes incorporated in H.R. 5479. At the same time, the President expressed his commitment to the policies underlying the Equal Access to Justice Act and announced that he would support its prompt reauthorization by the new Congress, retroactively effective to October 1, 1984.

While 28 U.S.C. § 2412(d) is thus presently unavailable as to actions initiated on or after October 1, 1984, it is clear that the "sunset" provision does not preclude an award of attorneys' fees in this case, commenced on April 13, 1984.

■ Because the statute thus represents a limited waiver of sovereign immunity, its several limitations and conditions must be strictly observed and exceptions are not to be implied. *Rhode Island Committee on Energy v. General Services Administration*, 561 F.2d 397, 405 (1st Cir. 1977) (quoting *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)). Accordingly, despite the Government's silence in the wake of[1] the plaintiff's present request, the Court is obliged to determine whether the movant qualifies for an award of attorneys' fees under the Equal Access to Justice Act.

■ As a threshold matter, the Court must find that the movant is "a prevailing party"—a phrase broadly construed and not limited to a victor only after the entry of final judgment following a full trial on the merits. *United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 447 (8th Cir.1982). In the wake of the Secretary's motion of September 12, 1984, and this Court's subsequent *Order* of October 11, 1984, reversing the administrative decision and allowing the request for waiver of recovery of overpayments, it is clear the plaintiff in this action is the "prevailing party."

■ As an additional threshold requirement, the Court must find that the movant is "an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed"—a prerequisite to recovery embodied in subsection (d)(1)(B) & (2)(B) of the statute. The Court has already recognized the plaintiff's indigent status by its *Order* of April 17, 1984, granting her leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See also* Plaintiff's *Affidavit In Support Of Motion For Leave To Proceed In Forma Pauperis* at 2 (April 13, 1984). In addition, the plaintiff has now provided the Court with an affidavit, pursuant to the filing requirements of subsection (d)(1)(B), establishing her net worth of less than $1,000,000 at the time she commenced this action.

■ The critical issue to be considered by the Court is, as the plaintiff recognizes in her motion papers, whether "the position of the United States was substantially justified or ... special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The test for determining substantial justification is essentially one of reasonableness; if the Government can demonstrate a reasonable basis for litigating the dispute, both in law and in fact, no award of attorneys' fees can be made. *Ellis v. United States*, 711 F.2d 1571, 1575–1576 (Fed.Cir. 1983).

■ In the application of this test, the Government bears the burden of proving substantial justification for its position. *Dougherty v. Lehman*, 711 F.2d 555, 561 (3rd Cir.1983). While there is no presumption that the Government's position is not substantially justified simply because it lost the case, it must nonetheless make a "strong showing" regarding the viability of its position if it is to overcome a motion for an award of fees. *Watkins v. Harris*, 566 F.Supp. 493, 498 (E.D.Pa.1983).

Under the circumstances of the present case—and absent any showing at all regarding the viability of the Government's position—the Court must conclude that there was no substantial justification for the challenged action. As stated above, the linchpin of the Government's case was apparently that the plaintiff was at fault in causing the benefit overpayments because she had, in fact, been notified of the Secretary's right to seek recoupment if the appeal proved unsuccessful.

Although the existence of such notice was plainly assumed by both the Administrative Law Judge and the Appeals Council in the context of their adverse decisions below, see *Transcript of Administrative Record* at 2 & 29 (June 15, 1984), the Secretary acknowledged on appeal to this Court that she would be unable "to prove ... that ... notices were sent to and received by plaintiff, or at what times." Defendant's *Motion For Entry of Dispositive Order* at 2 (September 12, 1984). It was on the basis of this specific statement of posi-

tion that the Court issued its *Order* of October 11, 1984, and directed the Clerk of Court to enter judgment in the plaintiff's favor.

■ Because the Court views as substantially unjustified the Government's decision to defend this matter when it could not establish the very existence of the notice upon which its case depended, it concludes that the plaintiff's present motion must be granted. As a peripheral matter and for the same reasons articulated above, the Court finds no special circumstances that would make an award of attorneys' fees unjust.

Having thus concluded that an award of attorneys' fees is appropriate under the present circumstances, the Court need only determine the precise amount of that award.[2] In support of her request for a total of $2775.00, plaintiff's counsel has provided the Court with an affidavit, establishing convincingly her considerable experience and expertise with cases such as this and describing the function and administrative needs of the legal services agency for which she works. Counsel has appended to her affidavit a detailed accounting of the 37 hours she spent in the prosecution of this action in the judicial forum.

■ The Court has carefully reviewed counsel's affidavit and her attached accounting and concludes that both her professional credentials and the particular services she rendered in this case justify compensation at the requested level of $75 per hour, the maximum generally allowed under the statute. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies

a higher fee"). It identifies no basis upon which the requested award might reasonably be reduced.

## CONCLUSION

For the reasons stated herein, the Court hereby GRANTS the plaintiff's motion for an award of attorneys' fees, pursuant to 28 U.S.C. § 2412(d), and hereby DIRECTS the Clerk of Court to enter a supplemental judgment in the amount of $2775.00, as attorneys' fees to be assessed against the defendant Secretary.

---

**2.** Parenthetically, the Court notes that the plaintiff in this case has been represented by an attorney for Legal Action of Wisconsin, Inc., an organization funded to provide legal services to low income persons. The mere fact that the plaintiff herself has thus not "incurred" attorneys' fees in the prosecution of her claims does, however, not preclude an award under the

Equal Access to Justice Act. Indeed, it has been held that claimants represented by a legal services organization qualify as otherwise entitled "prevailing parties" under the statute. *See Ceglia v. Schweiker,* 566 F.Supp. 118, 122–123 (E.D. N.Y.1983); *Hornal v. Schweiker,* 551 F.Supp. 612, 615–617 (M.D.Tenn.1982).