**Faith R. NEVEAUX, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 85–C–267.**

United States District Court,
E.D. Wisconsin.

Feb. 12, 1987.

Shirin Cabraas, Milwaukee, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On November 4, 1986, I granted the plaintiff's motion for summary judgment, finding her to have been without fault in connection with her receipt of social security income (SSI) overpayments. Judgment was entered the same day reversing the defendant's final decision of December 28, 1984, and granting the plaintiff's application for waiver of the recovery of such overpayments by the defendant. 42 U.S.C. § 1383(b)(1); 20 C.F.R. § 416.552. The plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. By letter dated December 15, 1986, counsel for the defendant advised the court that he has no objection to the plaintiff's motion. Nonetheless, the motion will be denied.

The plaintiff's fee request is governed by 28 U.S.C. § 2412(b), under which "a court may award reasonable fees and expenses of attorneys, in addition to ... costs ..., to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." Fees will be denied, however, if the court finds "that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). " 'A government position is substantially justified if it has a reasonable basis in law and fact.' " *United States v. Kemper Money Market Fund, Inc.,* 781 F.2d 1268, 1274 (7th Cir.1986), *quoting Temp Tech Industries v. NLRB,* 756 F.2d 586, 590 n. 4 (7th Cir.1985).

Initially, I note that the government's failure to raise any objection to the plaintiff's request does not compel an award of reasonable attorney's fees under the EAJA. "While the burden of showing substantial justification is on the government, a district court may find ... that the record before it demonstrates that substantial justification exists for a litigation position. In such a case, a formal government response to the petition for fees, though desirable, is not a pre-condition of an order denying an award of fees under the Act." *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir.1986), *cited in Jackson v. Bowen,* 807 F.2d 127, 129 (8th Cir.1986).

In this case, the record demonstrates that there was substantial justification for the government's opposition to the plaintiff's request to waive the recovery of her SSI overpayments. The question whether the plaintiff knowingly failed to "spend-down" her available cash resources to below $1,500 within three months of their receipt was fairly debatable. The

government contended that the plaintiff was aware of the resource limitation and that she knowingly failed to comply with the applicable reporting requirements. *See* 20 C.F.R. § 416.552. Although the record did not support this position, it did establish that the plaintiff was aware of a requirement to report changes in her income and resources to the Social Security Administration. Tr. 28, 32, 37, and 41. Further, the evidence was at least open to a good-faith interpretation that the plaintiff had received additional information concerning her reporting obligations following her initial application for benefits.

Thus, it was not unreasonable for the government to take the position that the plaintiff had failed "to furnish information which [she] knew or should have known was material." 20 C.F.R. § 416.552(a). The record indicated that the plaintiff had received three years of college education and training to be a nurse. The plaintiff had met with representatives of the social security administration on more than one occasion and thus could have attempted to seek clarification of the reporting requirements. Moreover, the government was litigating in a rather unsettled area of the social security laws, and there is room for reasonable debate over the merits of a waiver request under 42 U.S.C. § 1383(b)(1).

"The fact that this court [has found] a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Secretary of Health and Human Services,* 749 F.2d 359, 360 (6th Cir.1984). "[T]he [district] court is not wedded to the underlying judgment on the merits in assessing" an EAJA application for costs and attorney's fees. *Federal Elections Com'n v. Rose,* 806 F.2d 1081, 1087 (D.C.Cir.1986). "Only through a fresh look occasioned by application of the 'substantially justified' standard can the court honor Congress' intent ... not to permit a prevailing party automatically to recover fees." *Id.*

For the foregoing reasons, I find that there was an reasonable basis in fact and law justifying the government's attempt to recover the plaintiff's overpayments in this litigation. Therefore, despite the lack of opposition by the government, the plaintiff's motion for an award of attorney's fees under the EAJA will be denied, and the court need not address the reasonableness of either the hourly rate or total amount claimed by plaintiff's counsel.

Therefore, IT IS ORDERED that the plaintiff's motion for an award of attorney's fees, pursuant to 28 U.S.C. § 2412, be and hereby is denied.