Dolores LEE, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 88–C–1129.

United States District Court, E.D. Wisconsin.

Oct. 16, 1989.

Robert Angermeier, Angermeier & Rogers, Milwaukee, Wis., for plaintiff.

Stephen J. Liccione, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

Counsel for Dolores Lee, the plaintiff in the above-captioned social security action, has filed a "Motion for Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act [EAJA], 28 U.S.C. Section 2412(E) (sic), and 42 U.S.C. Section 406." Lee's attorney asks this court to order the Secretary to pay him $3,564.00 in fees pursuant to the EAJA for 36.10 hours of work performed before the district court. Pursuant to the fee provision of the Social Security Act, he also seeks twenty-five percent of the past due benefits of $17,503.00 which are to be paid to Lee. *See* 42 U.S.C. § 406.

## I. FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Equal Access to Justice Act permits an award of attorney's fees to a qualified prevailing party, other than the United States, in civil actions brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Hendricks v. Bowen*, 847 F.2d 1255, 1257 (7th Cir. 1988). In this case the plaintiff has alleged that her net worth did not exceed $2,000,-000.00 at the time she commenced this action, so she comes under the definition of "eligible" party found in 28 U.S.C. § 2412(d)(1)(B) & (2)(B). ˙ *See* Affidavit of Dolores Lee at ¶ 2. Furthermore, because the plaintiff eventually secured disability

insurance benefits and because her lawsuit was causally linked to the achievement of the relief obtained, she is also a "prevailing" party within the meaning of the EAJA. *See* 28 U.S.C. § 2412(a). *See also Hendricks v. Bowen*, 847 F.2d at 1257–58.

### A. *"Substantially Justified"*

With these facts established, the government must pay fees unless it can prove that its position in the district court was substantially justified or that special circumstances make an award unjust. *See Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir.1988); *Donahue v. Heckler*, 600 F.Supp. 153, 157 (E.D.Wis.1985). The Secretary does not argue that there are any special circumstances which would make an award unjust. Therefore, the issue is whether the Secretary's position before the district court was "substantially justified."

The United States Supreme Court has defined the term "substantially justified" as follows:

> [Substantially justified] has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]". . . .
>
> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; and is assuredly not the standard for Government litigation of which a reasonable person would approve.*
>
> * (NOTE: Contrary to Justice Brennan's suggestion, ... our analysis does not convert the statutory term "substantially justified" into "reasonably justified."

> Justice Brennan's arguments would have some force if the statutory criterion were "substantially *correct*" rather than "substantially *justified.*" But a position can be justified even though it is not correct and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.)

*Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citations omitted).

The Secretary's position cannot be considered unjustified solely because he lost, *see Schupbach v. Bowen*, 673 F.Supp. 941, 945 (N.D.Ind.1987), or, as in this case, because the Secretary has not responded to the plaintiff's argument that his position was not substantially justified. *See Neveaux v. Bowen*, 652 F.Supp. 719, 720 (E.D. Wis.1987).

In filing her claim for disability insurance benefits under Title II of the Social Security Act, Lee claimed that she was disabled due to migraine headaches. On September 6, 1988, the Appeals Council set aside the decision of the Administrative Law Judge (ALJ) granting her benefits. After conducting its own evaluation of the evidence, the Appeals Council determined that Lee's impairments did not prevent her from performing her past relevant work as a secretary. *See* Transcript at 5–8.

When Lee sought judicial review of this decision, the Secretary moved for a summary judgment of affirmance by arguing that the decision of the Appeals Council was supported by substantial evidence. According to the Secretary, the record revealed that the plaintiff's condition could be alleviated with medical treatment; that the plaintiff had not pursued medical treatment; and that her subjective complaints were not supported by objective medical evidence.

In bringing this motion for fees, the plaintiff maintains that the Secretary misstated the record and had no reasonable basis in fact for his position in the district court. She points out that the ALJ found her testimony credible and that this finding

was not refuted by the Appeals Council. She also points out that she has continued to seek medical and surgical treatment and has even undergone a jaw operation in a futile attempt to alleviate the headaches. Despite this treatment, she maintains that her migraine headaches have persisted and that they occur about every ten days and result in two to three days of virtual immobility with each episode.

■ Having reviewed the record *de novo*, the court concludes that the Secretary's defense of the Appeals Council's decision before this court was not substantially justified in fact. *See Kelsey v. Bowen*, 681 F.Supp. 595, 602–04 (N.D.Ind.1988). Nothing in the record contradicts the plaintiff's evidence of the frequency, severity and duration of her migraine headaches which would make her unavailable for work on a regular basis. Therefore, even though he was not satisfied with the medical documentation, the Secretary had an insufficient basis for concluding that Lee could perform her past work as a secretary.

In sum, the plaintiff has fulfilled the requirements of 28 U.S.C. § 2412(d) by filing a timely petition showing that she is a prevailing party and is eligible to receive a fee award. The Secretary, on the other hand, has not met his burden of establishing that his position before the district court was substantially justified. Accordingly, fees will be awarded to Lee's counsel pursuant to the EAJA. The next step is to determine the appropriate amount of the fees.

**B. *Amount of Fees***

The initial step in ruling on a fee award under the Equal Access to Justice Act is to determine the number of hours reasonably expended and then to multiply that number by the customary hourly fee for similar work. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

**1. *Number of Hours***

■ The fee petition of Lee's counsel, Robert C. Angermeier, alleges that 36.10 hours were expended on this case at the district court level for the following services:

| Date | Description of Service | Time Spent (Hours) |
|---|---|---|
| 09/28/88 | Legal research. | 0.50 |
| 10/19/88 | Ph. conf. w/client; review local research files; revise & draft Complaint. | 2.00 |
| 10/21/88 | Review Complaint; review & redraft | 0.50 |
| 10/24/88 | Legal research. | 1.00 |
| 10/24/88 | Revise Complaint. | 0.30 |
| 10/25/88 | Prep. Civ. Act. Summary/review Complaint | 0.50 |
| 10/26/88 | Ltr. to U.S. Atty. & to Dept. of Justice and to general counsel; legal research. | 1.00 |
| 10/27/88 | Legal research. | 0.40 |
| 12/20/88 | Review file; ltr. to U.S. Atty.; ph. conf. w/U.S. Atty. | 0.30 |
| 01/27/89 | Review record/prepare abstract. | 2.20 |
| 01/28/89 | Complete abstract of records; draft statement of issues & state. of facts re brief in support of motion for summary judgment. | 4.00 |
| 02/02/89 | Legal research. | 1.50 |
| 02/03/89 | Legal research. | 2.00 |
| 02/06/89 | Brief. | 3.00 |
| 02/07/89 | Draft Brief. | 2.00 |
| 02/08/89 | Proofread brief; draft Motion for Summary Judgment; ltr. to court. | 0.80 |
| 03/22/89 | Draft Reply Brief. | 1.00 |
| 03/23/89 | Prep. Reply Brief & legal research. | 3.00 |
| 03/24/89 | Review/revise Brief; ltr. to court & ltr to opposing counsel. | 3.50 |
| 03/27/89 | Review/proofread Brief. | 0.50 |
| 03/31/89 | Review file. | 0.20 |
| 04/10/89 | Review recent 7th Circuit cases. | 0.30 |

| Date | Description of Service | Time Spent (Hours) |
|---|---|---|
| 04/12/89 | Legal research re: new caselaw on migraine headaches. | 0.50 |
| 06/21/89 | Review decision; ltr. to client; calendarize file. | 0.50 |
| 07/10/89 | Prep. draft of EAJA motion, brief, supporting affidavit; ltr. to client. | 3.00 |
| 07/21/89 | Revise and complete Brief and Motion. | 2.00 |
| | Fed. Court Time: 36.10 hours | |

Five of these hours were spent preparing the fee petition and supporting documents.[1] The government has objected to counsel's "attempt to obtain EAJA compensation for time counsel spent seek § 406(b) fees." Defendant's Response to Plaintiff's Supplemental EAJA Petition at 1. No separate time entry has been made for the portion of the work devoted to counsel's attempt to obtain fees under 42 U.S.C. § 406(b). However, only one sentence of counsel's principal brief is devoted to seeking section 406(b) fees, so the court will make no reduction to the 36.10 hours claimed in view of any de minimis amount of time expended in this regard.

■ After the initial fee petition was filed, the court found that counsel had not supplied all the information necessary to make a determination of the lodestar and any enhancements. Therefore, the court ordered counsel to submit supplementary material. After filing this material, counsel requested a fee for 3.6 hours of additional time spent submitting the supplementary documents. As noted above, counsel has represented that he is experienced in handling Social Security cases and

that he devotes forty percent of his practice to this area of law. The material necessary to support EAJA petition is well-established. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Gekas v. Attorney Registration and Disciplinary Commission,* 793 F.2d 846 (7th Cir.1986); *Donahue v. Heckler,* 600 F.Supp. 153 (E.D.Wis.1985). This material should have been submitted with the original petition. Therefore, additional compensation for the 3.6 hours spent supplementing the fee petition will not be awarded. *See Spence v. Bowen,* 682 F.Supp. 236 (D.Del.1988) (denying cost of living adjustment for lack of proper documentation).

### 2. *Hourly Fee*

■ In this case attorney Angermeier is asking for a base hourly rate of $75.00 per hour—the maximum fee allowed under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A). When determining an appropriate base hourly rate under the EAJA, courts have relied on an evaluation of factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

---

1. Although the government has not challenged the application for fees to prepare the petition for EAJA fees, the court notes that there is a split in the circuits over whether the reasonable attorney's fee that an attorney is entitled to recover under the EAJA should include the reasonable time spent by counsel preparing the EAJA fee application. *Compare Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 707 (2d Cir.1987) (allowing EAJA fees for preparation of EAJA fee application) *with Rawlings v. Heckler,* 725 F.2d 1192, 1196 (9th Cir. 1984) (no EAJA fees for preparation of EAJA fee application). The Seventh Circuit last considered this question in 1985 and decided that fees for the EAJA fee application should not be allowed. *See Continental Web Press, Inc. v. N.L.R.B.,* 767 F.2d 321, 324 (7th Cir.1985). Recent-

ly, lower federal courts in this district have allowed fees, but only when the Secretary's position in opposing the fee petition is not substantially justified. *See, e.g., Burks v. Bowen,* 696 F.Supp. 385, 386–87 (N.D.Ill.1988). This court believes that, if faced with the issue again, the Seventh Circuit might well depart or modify its *Continental Web Press* position. The Eighth Circuit has recently considered the issue and decided that: "We think the time spent preparing the EAJA fee application should be compensable under the EAJA because it is 'necessary for the preparation of the party's case.'" *Kelly v. Bowen,* 862 F.2d 1333, 1334 (8th Cir.1988). Based on the reasoning in *Kelly v. Bowen,* the court will order fees to be paid for the five hours counsel spent preparing the fee application. *See Id.* at 1334–35.

*See e.g., Blum v. Stenson,* 465 U.S. 886, 897 n. 13, 104 S.Ct. 1541, 1548 n. 13, 79 L.Ed.2d 891 (1984); *Gekas v. Attorney Registration and Disciplinary Commission,* 793 F.2d 846, 852 (7th Cir.1986). Thus, based on the material in the record, the court has considered:

1. *The Time and Labor Required:* As set forth above, counsel claims to have spent 36.10 hours on this action at the district court level.

2. *The Novelty and Difficulty of the Questions Raised:* There is no basis for finding that the questions presented were novel or difficult.

3. *The Attorney's Opportunity Costs in Pressing the Instant Litigation:* Although there is some opportunity cost involved with most actions, the district court phase of this action was decided on the record which minimizes this factor.

4. *The Skill Required to Perform Properly the Legal Services Rendered:* Application of the social security statutes, regulations and procedures requires some specialized expertise and skill.

5. *The Customary Fee for Like Work:* Attorney Angermeier alleges that his non-contingent hourly rate is $125.00 and that he regularly receives compensation at an hourly rate in the range of $100.00—$150.00 per hour in cases before the Social Security Administration.

6. *Whether the Fee is Fixed or Contingent:* There is nothing in the record from which the court can make a finding on this factor.

7. *The Time Limitations Imposed by the Client or Circumstances:* Nothing in the record reflects severe time limitations resulting in pressured working conditions for counsel.

8. *The Amount in Controversy and the Results Obtained:* Counsel won a reversal at the district court level which resulted in an award of $17,503.00 for the plaintiff.

9. *The Experience, Reputation and Ability of the Attorney:* Counsel alleges that he has practiced law for fourteen years and that approximately forty percent of his practice is devoted to Social Security disability law.

10. *The Undesirability of the Case Within the Legal Community in Which the Suit Arose:* To the extent this factor is applicable to Social Security actions, there is no evidence that such representation is undesirable within this community.

11. *The Nature and Length of the Professional Relationship Between Attorney and Client:* This factor is not relevant to this case.

12. *Attorney's Fee Awards in Similar Cases:* Counsel has submitted the Affidavit of Thomas E. Bush, an attorney who practices in the Eastern District of Wisconsin and devotes eighty percent of his practice to Social Security cases. Bush alleges that he has actually received fees of $85.00 per hour for work on Social Security cases.

Based on these factors, particularly the results obtained by winning a summary reversal after the Appeals Council had denied benefits twice, the court finds that an hourly fee of $75.00 is appropriate in this case.

### 3. Cost-of-Living Increase

Under the EAJA "attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost-of-living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In this case, plaintiff's counsel does not argue that the limited availability of qualified attorneys warrants a fee enhancement, but he does ask that the court increase the $75.00–per–hour base rate to $99.00–per–hour to reflect the increase in the consumer price index since the EAJA was enacted in 1981.

In support of this request counsel has submitted a certificate showing that the Bureau of Labor Statistics' Consumer Price Index for all urban consumers (CPI–U) was 279.9 in October of 1981 (the month the EAJA went into effect), while the CPI–U was 371.7 in June of 1989. This shows a 32.8% rise in the rate of inflation.

Thus, after adjustment for inflation, the $75.00 hourly rate becomes $99.60. Courts in this circuit have routinely granted such cost of living increases when supported by the record. *See, e.g., Hicks v. Bowen*, 702 F.Supp. 648 (N.D. Ill.1988); *Azzo v. Bowen*, 698 F.Supp. 139 (N.D.Ill.1988). Due to the substantial increase in the cost of living from October of 1981 to the present, this court sees no reason not to make the upward adjustment in this case.

### 4. *Amount of Fees Under EAJA*

Having concluded that Lee is entitled to EAJA compensation for 36.10 hours of work at $75.00 per hours adjusted upward to reflect inflation to $99.60 per hour, the court will order the Secretary to pay $3,595.56 in attorney's fees to Lee's counsel.

## II. FEES UNDER THE SOCIAL SECURITY ACT

In addition to seeking fees under the Equal Access to Justice Act, counsel for Lee is asking that he also be awarded fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). The Social Security Act provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

■ Lee's counsel is seeking an award of $4,375.75, or twenty-five percent of Lee's award of $17,503.00 in back benefits.

If such an award were made, the twenty-five percent would be paid directly to Lee's counsel who would then reimburse Lee with the amount awarded under the EAJA. However, Lee's counsel has not submitted the documentation required by the Seventh Circuit in connection with this request. *See McGuire v. Sullivan*, 873 F.2d 974 (7th Cir.1989). Therefore, the court will not consider the request for fees under 42 U.S.C. § 406(b)(1).

### ORDER

For the reasons explained above, the court ORDERS that Dolores Lee's "Motion for Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act [EAJA], 28 U.S.C. Section 2412(E) (sic), 42 U.S.C. Section 406" (filed July 26, 1989) IS GRANTED IN PART AND DENIED IN PART.

The reasonable value of the services rendered by the plaintiff's counsel properly taxable under the Equal Access to Justice Act is $3,595.56.

Therefore, IT IS FURTHER ORDERED that the sum of $3,595.56 in attorney fees shall be paid by the United States of America directly to Robert C. Angermeier, counsel for the plaintiff, within sixty (60) days of the date of this order.

IT IS FURTHER ORDERED that this amount shall constitute counsel's full and only fee for representing the plaintiff in the district court in this action. This order does not preclude counsel from receiving an additional fee from the defendant for his services at the administrative level. *See* 42 U.S.C. § 406(b)(1).

IT IS FURTHER ORDERED that this action IS DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall amend the judgment entered in this case pursuant to this court's Order of July 6, 1989. The amended judgment shall provide that:

> IT IS ORDERED AND ADJUDGED
> that the decision of the Appeals Council (dated September 6, 1988) IS REVERSED and that this action is dismissed on its merits.

IT IS FURTHER ORDERED that, within sixty (60) days of the date of this Order, the United States of America shall pay directly to Robert C. Angermeier, attorney for the plaintiff, attorney fees in the amount of $3,595.56.

IT IS FURTHER ORDERED that this action IS DISMISSED with prejudice.

Done and Ordered.