**Mary E. PRICE, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–C–739.**

United States District Court,
E.D. Wisconsin.

Feb. 14, 1991.

Thomas Bush and David Dreis, Milwaukee, Wis., for plaintiff.

Stephen Liccione, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

Plaintiff Mary E. Price has moved the court pursuant to 42 U.S.C. § 405(g) to enter judgment in her favor by affirming the final decision of the Secretary of Health and Human Services granting her disability insurance benefits under the Social Security Act. The plaintiff further moves the court to order the Secretary to pay her attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Price asks for an award of fees in the amount of $4,701.11 calculated at the rate of $106.12 per hour for 32.7 hours of services rendered in federal court and for 11.6 hours of services rendered before the agency on remand. *See gener-*

*ally Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). She also seeks $145.87 in costs.

## I. REQUEST FOR JUDGMENT

■ Following a procedure instituted by the former chief judge of this district, Price has asked the court to enter judgment before acting on her petition for fees. *See Andino v. Heckler,* 609 F.Supp. 293, 295 (E.D.Wis.1985). After Price's motion was filed, the Seventh Circuit held that, when a claimant succeeds in obtaining all the benefits she seeks after remand to the Secretary, the entry of a judgment pursuant to Federal Rule of Civil Procedure 54 is not necessary to start the thirty-day period running to apply for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Jabaay v. Sullivan,* 920 F.2d 472, 475 (7th Cir.1990). In the situation at hand Price received all the benefits she sought upon remand, so the court will not enter a Rule 54 judgment.

## II. FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

### A. Legal Standard

■ The Equal Access to Justice Act permits an award of attorney's fees to a prevailing party, other than the United States, in civil actions brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this case the plaintiff has alleged that her net worth did not exceed $2,000,000.00 at the time she commenced this action, so she comes under the definition of "eligible" party found in 28 U.S.C. § 2412(d)(1)(B) & (2)(B). *See* Plaintiff's Affidavit Supporting Motion for Attorneys' Fees Under the Equal Access to

Justice Act at ¶ 2. Furthermore, because the plaintiff eventually secured social security benefits and because her lawsuit was causally linked to the achievement of the relief obtained, she is also a "prevailing" party within the meaning of the EAJA. *See* 28 U.S.C. § 2412(a). *See also Hendricks v. Bowen,* 847 F.2d 1255, 1257–58 (7th Cir.1988).

With these facts established, the government must pay fees unless it can meet its burden of proving by a preponderance of the evidence that its position in the underlying litigation was substantially justified or that special circumstances make an award unjust. *See Allende v. Baker,* 891 F.2d 7, 12 (1st Cir.1989); *Baker v. Bowen,* 839 F.2d 1075, 1080 (5th Cir.1988); *Donahue v. Heckler,* 600 F.Supp. 153, 157 (E.D. Wis.1985). The Secretary does not argue that there are any special circumstances which would make an award unjust.[1] Therefore, the issue is whether the Secretary's position before the district court was "substantially justified."

■ The United States Supreme Court has explained the term "substantially justified" as follows:

[Substantially justified] has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute" or "if reasonable people could differ so as to [the appropriateness of the contested action]". . . .

We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from

---

1. The Secretary has not responded to the petition for fees and his time to respond has now passed, so his right to respond is deemed waived. *See* Local Rule 6, § 6.01. However, "the government's failure to raise any objection to the plaintiff's request does not compel an award of reasonable attorneys' fees under the EAJA. 'While the burden of showing substantial justification is on the government, a district

court may find ... that the record before it demonstrates that substantial justification exists for a litigation position. In such a case, a formal government response to the petition for fees, though desirable, is not a pre-condition of an order denying an award of fees under the Act.'" *Neveaux v. Bowen,* 652 F.Supp. 719, 720 (E.D.Wis.1987) (quoting *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir.1986)).

the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.*

* (NOTE: Contrary to Justice Brennan's suggestion, ... our analysis does not convert the statutory term "substantially justified" into "reasonably justified." Justice Brennan's arguments would have some force if the statutory criterion were "substantially *correct*" rather than "substantially *justified*." But a position can be justified even though it is not correct and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.)

*Pierce v. Underwood*, 487 U.S. 552, 565–66 & n. 2, 108 S.Ct. 2541, 2550–51 & n. 2, 101 L.Ed.2d 490 (1988) (citations omitted).

In order to meet his burden of showing that his position before the district court was "substantially justified," the Secretary has the burden of establishing: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory alleged. *See Pierce v. Underwood*, 487 U.S. at 566 n. 2, 108 S.Ct. at 2550 n. 2; *Whiting v. Bowen*, 671 F.Supp. 1219, 1227 (W.D.Wis.1987).

A court's reversal of the Secretary's decision, or the Secretary's reversal of his own decision, does not automatically imply that the Secretary's position was not substantially justified for purposes of the EAJA. *See Whiting v. Bowen*, 671 F.Supp. at 1226. In order to be "substantially justified," the Secretary's position need not be correct, *see McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983), but it must be more than merely underserving of sanctions for frivolousness. *See Pierce v. Un-*

*derwood*, 487 U.S. at 566, 108 S.Ct. at 2550–51.

### B. "Substantially Justified"

On June 19, 1987, Mary Price filed an application for disability insurance benefits alleging that she became disabled on June 11, 1987, due to arthritis and tendonitis. Her application was denied.

After exhausting her administrative appeals, Price commenced an action for judicial review. The parties filed cross motions for summary judgment and the magistrate recommended that these motions be held in abeyance and that the case be remanded to the Secretary for further proceedings. This court adopted the magistrate's recommendation. On remand, the administrative law judge (ALJ) found that Price is disabled and is entitled to benefits.

Because the record shows that the ALJ failed to develop the record, the court finds that the position of the Secretary in the underlying litigation was not substantially justified and that Price is eligible for an award of attorney fees under the EAJA. The next step is to determine the appropriate amount of the fees.

### C. Amount of Fee Award

#### 1. *Lodestar Amount*

The initial step in ruling on a fee award under the Equal Access to Justice Act is to determine the number of hours reasonably expended and then to multiply that number by the customary hourly fee for similar work. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). Price's attorneys, David Dreis and Thomas Bush, allege that they spent 32.7 hours on this case before the district court and 11.6 hours before the agency on remand for a total of 44.3 hours. *See* Affidavit Supporting Petition for Approval of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 at 4–6. None of the time expended appears to be out of the ordinary or excessive. Therefore, the court will allow the entire 44.3 hours.

As for the hourly rate, counsel asks for $106.12 per hour. This sum represents the maximum allowable rate—$75.00 per

hour [2]—increased to reflect the increase in the cost of living since the EAJA took effect on October 1, 1981. To determine whether an attorney should be awarded the maximum $75.00 hourly base rate, courts have relied on an evaluation of factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Based on the material in Attorney Dries' supporting papers, the court has considered and found the following:

1. *The Time and Labor Required.* As set forth above, counsel claims to have spent 44.3 hours on this action before the district court and before the agency on remand.

2. *The Novelty and Difficulty of the Questions Raised.* There is no basis for finding that the questions presented were novel or difficult.

3. *The Attorney's Opportunity Costs in Pressing the Instant Litigation.* Although there is some opportunity cost involved with most actions, the district court phase of this action was decided on the record which minimizes this factor.

4. *The Skill Required to Properly Perform the Legal Services Rendered.* Application of the social security statutes, regulations and procedures requires specialized expertise and skill.

5. *The Customary Fee for Like Work.* There is no evidence in the record from which the court can make this determination.

6. *Whether the Fee is Fixed or Contingent.* The plaintiff and her counsel agreed on a contingent fee.

7. *The Time Limitations Imposed by the Client or Circumstances.* Nothing in the record reflects severe time limitations resulting in pressured working conditions for counsel.

8. *The Amount in Controversy and the Results Obtained.* Counsel did not win a reversal at the district court level, but he was successful in obtaining a remand of this action which resulted in an award of benefits for the claimant.

9. *The Experience, Reputation and Ability of the Attorneys.* Price's attorneys have established that they have a high degree of experience and ability in handling social security matters.

10. *The Undesirability of the Case Within the Legal Community in Which the Suit Arose.* To the extent this factor is applicable to social security actions, there is no evidence that such representation is undesirable within this community.

11. *The Nature and Length of the Professional Relationship Between Attorneys and Client.* This factor is not relevant to this case.

12. *Attorney's Fee Awards in Similar Cases.* Counsel for the claimant has provided no data concerning fee awards in similar cases in this district or circuit.

In view of the results obtained, the court finds that a base rate of $75.00 per hour is appropriate in this case.

2. *Cost of Living Increase*

 Under the EAJA "attorney fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost-of-living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In this case, the plaintiff's attorneys do not argue that the limited availability of qualified attorneys warrants a fee enhancement, but they do ask that the court increase the $75.00–per–hour base rate to $106.12–per–hour to reflect the increase in the Consumer Price Index (CPI) since the EAJA was enacted in 1981.

Courts have been willing to increase EAJA fee awards to reflect an increase in the cost of living where, as here, the fee petition is properly supported by CPI statistics. *See, e.g., Johnson v. Sullivan*, 919 F.2d 503, 504–05 (8th Cir.1990); *Hicks v. Bowen*, 702 F.Supp. 648, 651–52 (N.D.Ill. 1988). In this case the court finds no circumstances that would render such an increase unjust or improper. Therefore, the hourly rate will be increased to $106.12.

---

**2.** *See* 28 U.S.C. § 2412(d)(2)(A).

### 3. *Amount of Fees and Costs Under the EAJA*

Having concluded that Price's attorneys are entitled to EAJA compensation for 44.3 hours of work at $75.00 per hour adjusted upward to reflect inflation to $106.12 per hour, the court will order the Secretary to pay $4,701.11 to Price's counsel. In addition, the court will approve the payment of $145.87 in costs for medical reports, a filing fee, and one long distance telephone call.

### ORDER

For the reasons explained above, the court ORDERS that Mary E. Price's Motion for Judgment and Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (filed October 23, 1990) IS DENIED IN PART AND GRANTED IN PART. The court will not enter judgment pursuant to Federal Rule of Civil Procedure 54, but the plaintiff's counsel shall be awarded attorney fees pursuant to the Equal Access to Justice Act.

The court having found the reasonable value of the services rendered by plaintiff's counsel properly taxable under the Equal Access to Justice Act to be $4,701.11, plus $145.87 in costs, IT IS FURTHER ORDERED that the sum of $4,846.98 in attorney fees and costs shall be paid by the United States of America directly to attorneys David G. Dreis and Thomas Bush, counsel for the plaintiff, within sixty (60) days of the date of this order.

IT IS FURTHER ORDERED that this amount shall constitute counsels' full and only fee for representing the plaintiff in the district court and before the agency on remand in this action.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter a final judgment of affirmance as a separate document. This judgment shall provide that:

IT IS ORDERED AND ADJUDGED

that the final decision of the Appeals Council after remand awarding disability insurance benefits to Mary E. Price is affirmed.

IT IS FURTHER ORDERED AND ADJUDGED that, within sixty (60) days of the date of this judgment, the United States of America shall pay directly to David G. Dreis and Thomas Bush, attorneys for Mary E. Price, attorney fees and costs in the amount of $4,846.98. Done and Ordered.