**Johnny W. BOWMAN, Plaintiff,**

v.

**SECRETARY OF H.H.S., Defendant.**

**No. B–C–81–120.**

United States District Court,
E.D. Arkansas,
Batesville Division.

March 31, 1989.

Frederick S. Spencer, Mountain Home, Ark., for plaintiff.

William Adair, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## ORDER

EISELE, Chief Judge.

The Court of Appeals has remanded this matter for an explanation of this Court's decision to award this successful social security plaintiff only 28.25 of the requested 47.50 hours of attorney's fees, a reduction of 19.25 hours. This Court is also directed to revise its earlier Order to expressly and separately state the amounts awarded under the SSA and the EAJA.

 As an overview, the Court essentially reduced the requested fee by 40%. The Court's review of counsel's time sheets persuaded the Court that counsel's times and charges for actual work on the case, i.e., research, drafting, conferences, etc., were reasonable, but that the bills were inflated with a large number of mechanically applied charges which could not be reasonably justified. It was the Court's conclusion that a 40% reduction would accurately reflect the amount of excessive charges and that, for reasons explained in detail below, it would not be useful to make an item by item evaluation.

Following is a discussion of each charge which the Court felt was not wholly justified. It is worth noting that .25 hours at the $75 per hour rate is $18.75. In reviewing the large number of quarter hour items on the bill, the Court has considered whether it is reasonable to pay nearly $20 for the action described.

1. 11/12/80—2.50 hours for preparing a judicial complaint. The Order appealed from was not handed down until July 14, 1980, over 8 months later.

2. 7/18/81—1.00 hours for a letter enclosing a copy of Notice of Dismissal and requesting an additional report. The Court does not believe that it should take an hour to prepare simple letter covering an order and requesting a copy of a report.

3. 12/16/81—.25 hours for reviewing a file stamped copy of plaintiff's complaint. Plaintiff, of course, filed the complaint. The only purpose of reviewing what the clerk returned would be to be sure that it was file stamped. This would not take a quarter of an hour. In fact, it scarely requires lawyer time at all.

4. 1/12/82—.75 hours for three letters covering summonses and stating service of process. This is an entirely mechanical procedure. It is doubtful that having all three letters prepared and signed would take .25 hours of attorney time. Certainly it should not have taken three quarters of an hour.

5. 3/17/82—1.00 hour for receipt and review of file marked copy of order signed by Judge Ginger. The Court has reviewed both the entire administrative transcript and the Court file and has not found any order signed by Judge Ginger. There is a motion for extension of time dated March 16, 1982, and an order granting the extension signed by Judge Henry J. Jones, Jr. The Order reads in its entirety "On motion of the defendant, his time for filing an answer to plaintiff's complaint herein is extended to and including May 14, 1982" (excluding caption and signature). Counsel argues that he should be paid $75 (actually, he requested $100) for reading this.

6. 3/17/82—.25 hours for receipt and review of the motion for extension of time mentioned in item 5. Unless the Court has overlooked an order by Judge Ginger requiring an hour of reading, counsel wishes to be paid for an hour and a quarter for the

task of ascertaining that a motion for extension of time had been filed and granted.

7. 5/25/82 to 6/21/82—1 hour for drafting a motion for extension of time, drafting a letter to cover the extension of time, reviewing the file marked copy of plaintiff's own motion, and reviewing the order granting the extension. There is at most a quarter of an hour of reasonable time here. Moreover, the stated reason for the extension was counsel's press of business in other matters. It is hard to see why counsel should be paid $75 for obtaining an extension of time which was entirely for counsel's convenience.

8. 7/16/82 to 8/5/82—1.5 hours for drafting motion for extension of time and cover letter, reviewing file, reviewing a file stamped copy of counsel's own motion, and reviewing the motion granting the extension of time. Counsel charges .5 hours for preparing, in substance, the exact same motion (and, presumably, letter) which counsel used in item 7. Counsel also recites that he reviewed the file, but it was not reasonable to review a file for nearly an hour simply to ascertain that counsel wanted an extension of time. Again, there is no reason to take half an hour to re-read one's own motion and the extension of time. Also as in item 7, the reason for the extension was counsel's press of business in other matters, so it is hard to see why counsel should be compensated for preparing the motion.

9. 8/10/82—1 hour to review the file. Periodic review of files is entirely appropriate, but an hour seems excessive, particularly since counsel does not report any work on the matter for another week.

10. 8/18/82—.25 hours for letter to clerk covering response to motion and requesting file stamped copy. This is exactly the same form letter counsel used to cover his other filings in this matter and, one suspects, is the same form he uses in other matters. There is no reason for counsel to collect $18.75 every time this form is typed up.

11. 8/20/82—.25 hours for reviewing a file marked copy of plaintiff's own motion. See above discussion.

12. 6/9/83—1 hour for sending a copy of the magistrate's recommendation to client and requesting client to make an appointment. Counsel received and reviewed the recommendation on 6/7/83. Two days later he sent it to his client. There is no indication as to why it would take an hour to draft a cover letter for the recommendation.

13. 7/1/83—1 hour to become informed about a pending motion for extension of time and to review the file, though no actual work is recorded.

14. 7/7/83—1 hour to review an order. The only order in the file in this time frame is a July 1, 1983, order reciting that "On motion of the defendant, her time for filing a response to the proposed findings and recommendations of the United States Magistrate is extended to and including July 5, 1983."

15. 8/30/83—.5 hours for drafting two cover letters for Memorandum and Order. See discussion above.

16. 8/24/84—2.75 hours for preparing Summons, Cover Sheet, Complaint, I.F.P. form and cover letter for case. Since the matter was already pending, there was no need for these papers. See Order of August 29, 1984. Moreover, many of these papers were not even sent to the Court or filed.

17. 9/12/84—1 hour for cover letter to clerk regarding the First Amendment to Complaint. Counsel charged 1 hour for preparing the Amendment, which is reasonable, but also charged an additional hour for drafting the cover letter. With the exception of one additional sentence, this the same form of cover letter used in connection with the other pleadings.

18. 9/13/84—1 hour for preparing motion to amend complaint. While the amendment itself was a substantial piece of work, the motion is a simple two page document which should have required something less than half of the time claimed.

19. 9/13/84—.25 hours for cover letter to clerk regarding motion to amend. See above discussion.

20. 9/17/84—.25 hours for cover letter to clerk regarding certificate of service for motion to amend. See above discussion. Also, counsel asks for $37.50 for drafting cover letters telling the clerk that enclosed is a motion and enclosed is the certificate of service to the motion.

21. 9/18/84—.25 hours for reviewing file stamped copy of plaintiff's own motion. See above discussion.

22. 2/5/89—.25 hours for cover letter to clerk regarding motion for summary judgment. See above discussion.

23. 2/9/84—.25 hours for reviewing file stamped copy of plaintiff's own motion.

24. 5/22/85—1 hour for reviewing order and file. The order is apparently a May 20, 1985, extension of time. No work is shown to have been done and, given the fact that plaintiff was awaiting defendant's response to his motion for summary judgment, no work is shown to have been necessary. Alternatively, the entry could refer to the proposed Memorandum and Order which was also reviewed on May 3, 1985.

25. 5/29/85—.25 hours for reviewing motion for extension of time and file marked copy of order. See item 24.

26. 6/28/85—.25 hours for drafting cover letter to client forwarding defendant's objections. See above discussion.

27. 7/1/85—.25 hours for drafting cover letter to client forwarding Memorandum and Order. See above discussion.

In sum, the Court finds that 21.50 of plaintiff's claimed hours are unreasonable, at least in part. Recognizing that the various ministerial tasks performed by counsel in a number of these instances reasonably took at least a few minutes, the Court finds that 2.25 hours of time adequately reflect that amount.*

IT IS THEREFORE ORDERED THAT plaintiff is awarded $2,118.75 in attorneys fees pursuant to the provisions of the Equal Access to Justice Act and $2,825.00 in attorneys fees pursuant to the provisions of the Social Security Act. The Secretary is directed to coordinate this award of fees as required by law and by the Court of Appeals decision in *Bowman v. Schweiker*, 873 F.2d 1445 (8th Cir.1989).

---

* The Court recognizes that it is customary in many firms to bill time only in quarter hour units. However, this billing practice does not require the Court to pay a full quarter hour's worth of fees for a task which should only have taken seconds.