**Carl H. SCOTT, Executor of the Estate of Irene P. Scott, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 87–0458–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 17, 1989.

See also 729 F.Supp. 39.

Charles H. Cuthbert, Jr., Charles H. Cuthbert, Jr., P.C., Petersburg, Va., for plaintiff.

Robert W. Jaspen and Debra J. Prillaman, Asst. U.S. Attys., Richmond, Va., for defendant.

## MEMORANDUM AND ORDER

RICHARD L. WILLIAMS, District Judge.

Carl H. Scott, Executor of the Estate of Irene P. Scott, plaintiff, brings this application for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g). The United States Magistrate, to whom this case was referred, filed his proposed opinion on May 31, 1989. Both plaintiff and defendant filed objections to that opinion.

The magistrate's proposed memorandum concluded that the position of the Secretary was not substantially justified and recommended that plaintiff's counsel be awarded attorney's fees in the amount of $1,575.00 and $140.00 in expenses.

Plaintiff filed an objections based upon his contention that the proposed opinion failed to consider enhancement of the $75.00 hourly rate based upon the increase in cost of living since 1981 and the limited availability of qualified attorneys specializing in Social Security disability cases in the area.

Defendant's objections focus on the argument that the Secretary's actions were substantially justified and an award of attorney's fees pursuant to EAJA would be improper.

In remanding this case to the Secretary for further consideration the Court found that the opinions of three treating physicians, Drs. Warren, Miller and Foster, had been improperly discounted. The administrative Law judge (ALJ) discounted the opinion of Dr. Foster, a board-certified psychiatrist, who reported that the claimant had a severe impairment of her ability of carry out and remember instructions, respond appropriately to supervision, respond to customary work pressures and changes in routine work settings. The ALJ found no basis for Dr. Foster's position that plaintiff's prior medical history supported his opinion of plaintiff's problems with depression as far back as 1977. A discharge summary in June, 1969, submitted by plaintiff contains a diagnosis of "anxiety with depression". In addition, a treating physician's notes in July, 1969, reflect plaintiff's suffering from depression. The fact that the treating physicians' rendered opinions regarding the claimant's condition after her insured status lapsed, as long as these opinions were based upon objective medical criteria, is an insufficient basis for the ALJ's rejection. In *Millner v. Schweiker*, 725 F.2d 243, 246 (4th Cir.1984), the Fourth Circuit Court of Appeals stated:

A treating physician's diagnosis of claimant's condition may be made after the relevant determination date and is entitled to significant weight if it is based on objective medical criteria.

The ALJ's rejection of the opinions of the three treating physicians and the testimony of the claimant and her daughter were based, at least in part, upon his assertions unsupported by the evidence of record. The ALJ's contention that the "testimony of the claimant and her daughter are obviously in an attempt to obtain these benefits" and that Dr. Foster "was merely trying to be helpful to the claimant" are not supported by the evidence.

The Court finds that the Secretary failed to give appropriate weight to the opinions of the treating physicians where

there was no persuasive contradictory evidence and therefore, the Secretary's position was not substantially justified.

 Having found plaintiff entitled to an award of attorney's fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A), the issue of an appropriate amount is addressed. The magistrate found that an hourly rate of $75.00 without any enhancement is appropriate. In the Court's opinion a cost of living adjustment since the 1981 enactment of EAJA should justify a higher hourly rate. Plaintiff's counsel submitted an affidavit regarding the number of hours expended at the Court level, i.e. 21 hours. While the Court does not consider the suggested hourly rate of $136.75 justified in this case, a rate of $100.00 per hour is felt to be appropriate.

Accordingly, defendant's objections to the proposed opinion are overruled, plaintiff's objections are overruled and the proposed opinion, as modified herein, will be adopted as the opinion of the Court.

The Court awards plaintiff's counsel attorney's fees in the amount of $2,100.00 under the Equal Access to Justice Act, and $140.00 for expenses.

An appropriate order shall issue.