UNITED STATES of America, Plaintiff,

v.

The BOEING COMPANY, INC., et al., Defendants.

Civ. A. No. 86–0829–A.

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 14, 1990.

320

Joseph A. Fisher, Alexandria, Va., for plaintiff.

Robert S. Bennett, Dunnells, Duvall, Bennett & Proter, Vienna, Va., for Boeing Co.

John A.C. Keith, Blankingship & Keith, Fairfax, Va., Philip A. LaCovara, Roger P. Fendrich, Hughes, Hubbard & Reed, Washington, D.C., for Paisley, Jones, Reynolds & Kitson.

Gerard F. Treanor, Jr., Amy S. Berman, McLean, Va., for Crandon.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter is before the court on defendants' motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412, 1982 & Supp.1989. The court finds defendants' motion persuasive and awards attorneys' fees and costs to the defendants.

The case was an action for civil damages filed by the government against five private citizens. Specifically, the government charged these individuals with breach of a "duty of loyalty," arising from the standard set out in 18 U.S.C. § 209(a), a criminal statute. Section 209(a) prohibits a person from receiving a "supplementation of salary, as compensation for his service as an officer or employee of the executive branch of the United States ..."

After a one-day trial, this court found that the payments were not made with the intent of supplementing the employees' government salaries, nor were they intended as compensation for government service rendered by these individuals. Thus, this court held that Section 209 does not apply to payments made to or received by persons who, like defendants, become government employees after receipt of severance payments.

Plaintiff appealed the decision to the Fourth Circuit, which reversed this court's judgment in a divided opinion. In that decision, two of the three judges on the panel ruled that employment status at the time of payment is not an element of a Section 209(a) violation and that the payments were, in fact, intended as compensation for services as federal employees. *See United States v. Boeing Co.*, 845 F.2d 476 (4th Cir.1988). Defendants filed a petition for rehearing *en banc*, which was denied by a vote of 6–5.

On November 6, 1989, the case was argued before the United States Supreme Court. On February 27, 1990, in a 9 to 0 decision, the Court held that Section 209(a) applies only to incumbent federal employees, reversing the judgment of the court of appeals and upholding this court's decision. *See Crandon v. United States*, —— U.S. ——, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990).

Defendants now come before the court requesting an award of attorneys' fees and costs pursuant to the EAJA. Section 2412(d)(1)(A) of that statute provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction under that action unless the court finds that the position of the United States was substantial justified or that special circumstances make an award unjust.

■ The court finds that defendants have met all the requirements of this provision and are thus entitled to an award of fees and costs from the United States. Defendants are clearly prevailing parties as contemplated by the EAJA. They initially prevailed at trial and won definitively and completely in the United States Supreme Court. In addition, defendants are eligible for an award of fees under the EAJA as each has a net worth under $2,000,000 and each has incurred fees and expenses in defending this case.

The government takes issue with the defendants' eligibility arguing that they are not the real parties in interest in the case and thus have not actually incurred the fees as required by the statute. The court rejects this argument.

In deciding which party is the real party in interest the court must look to the "totality of facts." *See Design and Production, Inc. v. United States*, 20 Cl.Ct. 207 (1990). The totality of fact in this case suggests that the defendants were at all times the real parties in interest. Although Boeing agreed to advance the costs and fees incurred by defendants, the promise was undertaken with the understanding that all monies would be repaid unless, at a later date, Boeing's Board of Directors determined that the defendants should be indemnified. At no time was there any fee arrangement between Boeing and the defendants' counsel to shift that liability for fees. Moreover, Boeing did not retain the individuals' counsel nor did it exercise any control over the defense or conduct of attorneys. Throughout this litigation, the lawyers involved viewed themselves answerable only to the defendants they represented and viewed the defendants ultimately liable for all attorneys fees incurred.

■ Simply put, the mere possibility of future indemnification by a company for the attorney's fees incurred by its employees is not, in itself, enough to alter the fact that employees who are ultimately liable for those fees are the real parties in interest. Were this not the case, the government would be able to viciously pursue corporate employees with the knowledge that, due to the possibility of later corporate indemnification, the government would not be held accountable for any unjustified conduct. The EAJA would certainly not be served by such a rule.

Having found the individuals eligible to recover fees and expenses, the court's focus now turns to whether or not the government was substantially justified in its position or whether or not special circumstances exist which would make an award unjust. A finding of either would bar recovery under the EAJA.

■ The Supreme Court has held that the government's position is substantially justified if it would satisfy a reasonable person knowing all of the law and all of the facts. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Considering all the circumstances surrounding this litigation, the court concludes that the government has not met this burden.

Although 18 U.S.C. Section 209 has been on the statute books in its current form for 27 years, this is the first time the government has ever brought a civil or criminal case against anyone for receiving a severance payment, and this is the only time the government has tried to apply that provision to a person receiving any kind of payment before entering federal service. The government argues that its position was justified, nevertheless, because the statute on its face is not restricted to recipients who are government employees on the date they receive the disputed payment. However, the Supreme Court unequivocally concluded that the "text of [Section] 209(a) ... indicates that employment status is an element of the offense." *Crandon,* 110 S.Ct. at 1002. It was, therefore, unreasonable for the government to rely on a nonexistent ambiguity in the statute in filing suit against these private citizens.

Moreover, even if the statute were ambiguous the authority construing Section 209, as well as the pertinent legislative history, provides no support for the government's position. As the Supreme Court found, the government's attempt to apply the statute to persons not serving as federal employees at the time of the payment, was at odds with the language and clear congressional intent of Section 209. *See Id.,* at 1003–06. Although the government has the right to seek modification or repudiation of established doctrine, the EAJA exists to ensure that individual private litigants are not compelled to subsidize such reevaluations. *See Spencer v. NLRB,* 712 F.2d 539, 559 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).

■ Nor does the fact that two appellate judges agreed with the government's position make it a substantially justified one. The fact that one other court agreed with the government does not, in itself, establish substantial justification. *Pierce,* 108 S.Ct. at 2552. Moreover, there is no support for the contention that an appeals court decision should be given greater weight than that of a trial court. On the contrary, because trial courts are in a better position to know all of the facts concerning the government's prosecution of the case, appellate courts must defer to district courts in determining whether substantial justification exists. *Id.,* at 2547. There is certainly no substantial justification in this particular case, where the Supreme Court soundly and unanimously rejected the appellate court's approach, holding that it had erroneously disregarded the plain language of the statute and established precedent. *See generally, Crandon,* 110 S.Ct. 997.

As the Fourth Circuit decision does not impede defendants' EAJA claim, the court is free to find, as it does, that a reasonable person knowing all the facts and all the law involved in this case would not be satisfied by the government's arguments. The defendants are thus entitled to an award of reasonable fees and costs from the government.

■ Although the government challenges the reasonableness of the fees and costs defendants have requested, the court finds the requested amounts to be appropriate. The government first challenges the $106 hourly rate employed by defendants. There is no dispute that $106 per hour is the current statutory rate under the EAJA ($75.00 increased by CPI adjustments); however, the government argues that the cost of living calculation should be done individually for each bimonthly period in which services were performed rather than one calculation using the current CPI. The court does not agree. The CPI should serve as a disincentive to the government to prolong the litigation process. *See Natural Resources Defense Council, Inc. v. U.S.E.P.A.,* 703 F.2d 700, 713 (3rd Cir. 1983). More importantly, only by using the

recent CPI in calculating the fee amount will attorneys receive, in today's dollars, the purchasing power to which they are entitled. *Garcia v. Schweiker*, 829 F.2d 396, 402 (3rd Cir.1987).

■ The government also argues that the $50 hourly rate claimed for the work of law clerks and paralegals is excessive, and that such time should be compensated at the rate that the law firm actually pays these employees. However, the Supreme Court has held that in calculating awards under fee shifting statutes, paralegal time and law clerk time should be compensated at market rates, not at the cost to the particular attorneys employing them. *See Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 2469-72, 105 L.Ed.2d 229 (1989). Although *Missouri v. Jenkins* involved a § 1988 case, its holding and logic applies to other fee shifting statutes, including the EAJA. *See, e.g., Raton Gas Transmission Co. v. F.E.R.C.*, 891 F.2d 323, 329-30 (D.C. Cir.1989) (applying logic to EAJA). In this case it appears that defendants have asked for a rate which is less than that which clients are billed for paralegal and law clerk time. *See, e.g.,* Stein Decl. par. 21, and Plotkin Affidavit, par. 6. The court finds that the $50 hourly rate requested by defendants for support services is neither unreasonable nor excessive.

■ Next, the government makes a general assertion that the stated number of hours worked by defendants is excessive. The government offers no concrete challenge to the reasonableness of the fees claimed nor does it point out specific time that was improperly spent. For this reason the government is not entitled to a reduction in the fee request.

The government also challenges certain expenses claimed by defendants and asserts that they are not compensable under the EAJA. However, the majority of courts addressing this issue have held that expenses claimed by defendants are compensable under the EAJA. *See, e.g., International Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir.1986). Moreover, in *Missouri v. Jenkins*, 109 S.Ct. at 2470-72, the Supreme

Court asserted that the key question in considering what is proper under fee shifting statutes is what would be normally billed to the client. This certainly would include requests for costs associated with the litigation.

■ Finally, the court finds that defendants are entitled to recover the costs of filing and arguing this EAJA motion. *See Commissioner, I.N.S. v. Jean*, —— U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

An appropriate order shall issue.

## ORDER

This matter came before the court on defendants' motion for attorneys' fees and costs. For the reasons stated in the accompanying memorandum opinion, it is hereby;

ORDERED that defendants' motion is GRANTED and it is further ORDERED that:

Plaintiff shall pay to defendant Lawrence Crandon $65,503.80 in attorneys fees and in costs incurred as a result of legal representation performed on his behalf by the firm of Venable, Baetjer, Howard & Civiletti;

Plaintiff shall pay to defendants Thomas K. Jones, Harold Kitson, Jr., Melvyn R. Paisley and Herbert Reynolds $423,586.66 in attorneys fees and costs incurred as a result of legal representation performed on their behalf by the firm of Hughes Hubbard & Reed;

Plaintiff shall pay to defendants Thomas K. Jones, Harold Kitson, Jr., and Herbert Reynolds an additional $6,457.50 in attorneys fees and costs incurred as a result of legal representation performed by Philip A. Lacovara, Esq., individually;

Plaintiff shall pay to defendant Melvyn R. Paisley an additional $5,084.62 in attorneys fees and costs incurred as a result of legal representation performed on his behalf by the firm of Laxalt, Washington, Perito & Dubuc; and

Defendants shall submit their requests for fees and costs associated with arguing

this motion within ten days. Plaintiff then shall have five days in which to respond.