**Willie B. HARRIS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, Health and Human Services, Defendant.**

**Civ. A. No. 87–0540–R.**

United States District Court, E.D. Virginia, Richmond Division.

Jan. 22, 1991.

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

Robert W. Jaspen, Asst. U.S. Atty., for defendant.

## ORDER

SPENCER, District Judge.

This matter is before the Court on plaintiff's separate applications for attorney's fees under 42 U.S.C. § 406(b)(1) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court adopts the proposed magistrate's opinion on the § 406(b)(1) application. A ruling on the EAJA application will follow shortly.

### I

This case has an extensive procedural history, which should be briefly reviewed. Plaintiff Willie Harris first filed a claim for Social Security disability benefits in February 1986. An administrative law judge (ALJ) issued a decision in January 1987 finding that Harris was able to perform his past relevant work as a security guard. The Appeals Council of the Social Security Administration denied Harris' request for review, making the ALJ determination the final decision of the defendant Secretary.

Harris sought review of that decision in this Court. The Court referred the matter to a magistrate, who recommended that the Secretary's decision be affirmed. The Court adopted that recommendation, over Harris's objection. Harris subsequently appealed to the Fourth Circuit Court of Appeals.

The Fourth Circuit reversed and remanded. *Harris v. Secretary, Dep't of Health & Human Servs.*, 866 F.2d 1415 (4th Cir. 1989) (unpublished opinion; text in Westlaw). The court based its decision on two factors. First, it found the ALJ "failed to lay a proper foundation for, or to explain, his credibility finding," as clearly required under the law. Second, the court found that the ALJ failed to follow the Social Security Administration's own requirements, for findings regarding a person's capacity to perform a past relevant job.

On remand, this Court remanded to the Secretary for further administrative proceedings consistent with the Fourth Circuit's opinion. This culminated in an ALJ opinion fully favorable to plaintiff on January 22, 1990. Neither side objected to that opinion, which thus became the final decision of the Secretary on March 23, 1990. The parties stipulated to a voluntary dismissal, *see* Fed.R.Civ.P. 41(a)(1)(ii), leaving only the instant fees petitions for consideration by the Court.[1]

### II

Under 42 U.S.C. § 406(b)(1), this Court may order payment of a reasonable attorney's fee. This amount must be paid out of the past due benefits to which the claimant was found entitled as a result of representation in court, and may not exceed 25% of that amount. In this case, the ceiling is $10,322.90.

The magistrate properly considered the factors discussed in *Blankenship v. Schweiker*, 676 F.2d 116, 117–18 (4th Cir.

---

1. Both fees applications were initially filed in the Fourth Circuit. By order filed September 10, 1990, the Fourth Circuit remanded those applications to this Court, where the magistrate has considered them and issued proposed opinions.

1982), and determined that an award of the full 25% was reasonable. He gave the parties an opportunity to file objections, and they did not.

The magistrate's opinion does not appear clearly erroneous or contrary to the law. *See* Fed.R.Civ.P. 72 and accompanying Advisory Committee Notes. The Court therefore adopts the magistrate's opinion[2], and ORDERS that the defendant pay to plaintiff's counsel the amount of $10,322.90.

And it is SO ORDERED.

## PROPOSED MEMORANDUM OPINION

DOWNS, United States Magistrate Judge.

Plaintiff filed this application in the United States Court of Appeals for the Fourth Circuit seeking attorney's fees pursuant to 42 U.S.C. § 406(b)(1). The Court of Appeals, by Order of September 10, 1990, remanded plaintiff's application to this Court for an award of attorney's fees.[1] Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

Plaintiff's counsel seeks attorney's fees in the amount of $10,322.90, which is 25% of the past due benefits received by the claimant. Plaintiff executed a statement [Plaintiff's Exhibit 3] in which he agrees that his counsel should receive 25% of past benefits. The Secretary has withheld $10,322.90 from plaintiff's benefits as per the Award Certificate [Plaintiff's Exhibit 4]. Defendant has filed no objections or response to plaintiff's application.

The Court of Appeals for the Fourth Circuit has adopted twelve factors to be considered by the Court in reviewing fee applications. *Blankenship v. Schweiker,* 676 F.2d 116, 117–118 (4th Cir.1982). These factors include the time and labor required, the novelty and difficulty of the questions presented, customary fee, preclusion of other employment due to accept-

ance of this case, time limitations imposed upon the attorney, the nature and length of the professional relationship with the client, and the undesirability of the case. Having carefully reviewed plaintiff's application and exhibits in conjunction with the *Blankenship* factors, the Court considers that, under the circumstances in this case, it is appropriate that plaintiff's counsel receive a fee of 25% of the past-due benefits. This case has proceeded through the administrative level, to the district court, then to the Court of Appeals. It was remanded to the Secretary for additional hearings which ultimately resulted in a favorable decision for the claimant. Counsel has expended many hours diligently pursuing his client's goal and should be compensated accordingly for his time and efforts in that regard. Had the Secretary prevailed, counsel would have received no fees for the many hours spent on this case.

For the reasons cited, the Secretary is directed to pay an attorney's fee award of $10,322.90 to plaintiff's counsel.

And it is so ORDERED.

---

**2.** The fee application in question here proposed that a fee of $26,077 would be reasonable, but recognized that $10,322.90 was the maximum allowed by statute. The magistrate found only that "it is appropriate [under 42 U.S.C. § 406(b)(1)] that plaintiff's counsel receive a fee of 25% of the past-due benefits." The Court finds this supported by the record; it expresses

no opinion as to the reasonableness of any proposed fee beyond that amount.

**1.** Plaintiff filed an application for fees and expenses pursuant to the Equal Access to Justice Act, also. A separate Proposed Memorandum Opinion has been filed in regard to that application.