**Willie B. HARRIS, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 87–0540–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 12, 1991.

---

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

Robert W. Jaspen, Asst. U.S. Atty., for defendant.

## MEMORANDUM

SPENCER, District Judge.

The Court has already ordered attorney's fees paid out of the plaintiff's recovery, pursuant to 42 U.S.C. § 406(b)(1). Plaintiff also seeks fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated below, the Court will order the defendant to pay plaintiff $5,841.55 pursuant to the EAJA.

### I

The Court described the background of this case in some detail in its order of January 22, 1991, 792 F.Supp. 1012. Further details will be discussed only as necessary.

Fee awards for Social Security claims are permitted under both 42 U.S.C. § 406 and the EAJA. *Guthrie v. Schweiker,* 718 F.2d 104, 107, 108 n. 11 (4th Cir.1983). The § 406 award goes directly to the prevailing claimant's attorney, and is taken out of the back benefits otherwise due to claimant. EAJA awards are paid to the parties, not

the attorneys. This essentially permits prevailing Social Security claimants to get back part of the reduction in benefits attributable to § 406(b)(1) awards. *See, e.g., O'Grady v. Secretary of Dep't of Health & Human Servs.,* 661 F.Supp. 1030, 1038–40 & n. 5 (E.D.N.Y.1987); *Dunn v. Heckler,* 614 F.Supp. 45, 51 (E.D.N.C.1985).

The EAJA generally requires courts to award attorney's fees and other expenses to prevailing parties in actions against the United States. 28 U.S.C. § 2412(d)(1)(A). The award is based on the prevailing market rate for the kind and quality of services furnished, but may not exceed $75 an hour

> unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.* § 2412(d)(2)(A).

Plaintiff's attorney filed an EAJA application indicating that he worked 51.25 hours on the case. He sought to increase the $75 statutory rate for his time to $180.40, for the following reasons:

> 1) Increased cost of living, as evidenced by exhibits indicating that the federal Consumer Price Index for urban areas (CPI–U) increased by a factor of 1.872 for personal services (which includes legal services), between the effective date of the EAJA and February 1990.
>
> 2) The "limited availability of qualified attorneys" in similar practice, as discussed in *Pierce v. Underwood,* [487 U.S. 552] 108 S.Ct. 2541, 2554 [101 L.Ed.2d 490] (1988).

His CPI calculations led him to boost the hourly rate to $140.40. His own affidavit stated that he knew of no other private attorney within the Petersburg area[1] who specialized in Social Security disability claims. His proposal thus sought $9,245.50 in attorney's fees, plus $577.66 in documented expenses.

---

1. Plaintiff lives in Colonial Heights, Virginia.

The magistrate who initially reviewed the application agreed that an EAJA award was justified, but determined that $100 an hour would be the appropriate enhanced hourly attorney's fee, relying on *Scott v. Sullivan,* 737 F.Supp. 36 (E.D.Va.1989). The magistrate's proposed EAJA opinion would award $5,125 in fees plus the $577.66 in expenses. Plaintiff's lawyer objected to that opinion, and repeated his initial arguments for enhancement.

## II

An EAJA award is required "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This essentially places on the Secretary the burden to demonstrate that his position had a reasonable basis in both law and fact. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Guthrie,* 718 F.2d at 108.

The magistrate determined the Secretary had not met this burden. His reasoning is sound, and supported by the fact that the government never opposed the EAJA motion. *See also Harris v. Secretary Dep't of Health & Human Servs.,* 866 F.2d 1415 (4th Cir.1989) (text in Westlaw) (noting that Secretary's findings failed to live up to clear mandates of Secretary's own rulings). The mere fact that this Court initially upheld the Secretary does not compel a contrary conclusion. *See Pierce,* 108 S.Ct. at 2551–52; *United States v. Boeing Co.,* 747 F.Supp. 319, 322 (E.D.Va.1990).

EAJA fees should include reasonable hours for court services, plus work in administrative proceedings after a court-ordered remand. *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989). They are routinely enhanced to

account for inflation since October 1981, the effective date of the EAJA. *See, e.g., Hyatt v. Heckler,* 807 F.2d 376, 383 (4th Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987); *Allen v. Bowen,* 821 F.2d 963, 967–68 (3d Cir.1987); *Boeing,* 747 F.Supp. at 322; *Hyatt v. Heckler,* 618 F.Supp. 227, 233 (W.D.N.C.1985), *vacated on other grounds,* 476 U.S. 1167, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986), *on remand,* 807 F.2d 376 (4th Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987). *But see Dunn,* 614 F.Supp. at 51 (court found no factor justifying rate above $75); 28 U.S.C. § 2412(d)(2)(A) (fee may exceed $75 only if court determines special factor "justifies a higher fee").

■ The Court agrees that an inflation adjustment is proper here, but disagrees with the basis for the increase proposed in this application.

The application proposed an 87% inflation adjustment, based on a ratio of two figures. One was the February [2] 1990 Consumer Price Index for urban consumers in the category of personal expenses, as reported at page 22 of the CPI Detailed Report February 1990, issued by the Bureau of Labor Statistics (BLS) of the United States Department of Labor. The other was the October 1981 CPI for the same category of expenses, as reported in a chart of figures in Duggan, *Attorney's Fees Pursuant to the Equal Access to Justice Act,* 25 West's Social Security Reporter Service 635, 649 (1989). Both figures are adjusted to reflect a "baseline" index of 100 over the 1982–84 period.

**2.** Plaintiff finally obtained the relief he sought in this case on January 22, 1990, when an administrative law judge issued an opinion fully favorable to him. The Court finds it appropriate to use the February 1990 figures in calculating inflation adjustments.

**3.** One commentator advises plaintiffs' attorneys to use the CPI for personal expenses, because it

The Court finds that the proper comparison should be between the CPI for *all* goods and services, however. Two observations support this conclusion.

First, the EAJA refers only to "the cost of living" generally. It does not refer to the increased costs of attorneys, which is a primary component of the CPI figure for personal expenses.[3] Legislative history also suggests that the cost of living adjustment should reflect inflation generally, not overhead expenses or other factors affecting an attorney's costs of working on a case. *See* H.R. Judiciary Comm.Rep. No. 96–1418, at 14–15, *reprinted in* 1980 U.S.Code Cong. & Admin.News pp. 4953, 4984, 4993–94.

Second, the 87% inflation adjustment sought here is unprecedented. *See, e.g., Headlee v. Bowen,* 869 F.2d 548, 549–50 (10th Cir.1989) (discussing EAJA award seeking 21% inflation adjustment for relief won April 27, 1987); *Garcia v. Schweiker,* 829 F.2d 396, 401 (3d Cir.1987) (indicating 18% increase in CPI from October 1981 to October 1986)[4]; *Boeing,* 747 F.Supp. at 322 (no dispute that $106 was hourly rate adjusted for inflation, in case where Supreme Court in February 1990 reinstated original judgment for fee applicant); *Scott v. Sullivan,* 737 F.Supp. at 38 ($100 an hour awarded).

■ The Court therefore finds that the increased cost of living *generally* is a special factor warranting upward departure from the $75 an hour cap on attorney's fees otherwise prescribed by the EAJA. This would call for a $102.71 per hour reimbursement, calculated as follows:

"includes a substantially higher increase in the cost of living than other consumer price indexes which do not take into account increases in the cost of maintaining a law practice." Duggan, *supra,* at 643.

**4.** Compare this to the 56% increase which would arise, using figures taken from the table of CPI figures offered by plaintiff.

CPI–U February 1990 = 383.3 (Baseline 1967 = 100)[5]
CPI–U October 1981 = 279.9 (Baseline 1967 = 100)[6]

| | | |
|---|---|---|
| Ratio of 383.3 over 279.9 | = | 1.369 |
| Cap otherwise prescribed | = | 75 |
| Inflation adjusted award | = | $102.71 |
| Number of hours | | 51.25 |
| Total atty. fee award | | $5,263.89 |

 The EAJA application seeks another $40 an hour based on the limited availability of qualified attorneys. The Court will not grant any increase on this basis.

Social Security practice requires knowledge of an "intricate" and "Byzantine" statutory and regulatory scheme. *Schweiker v. Gray Panthers,* 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). Plaintiff's attorney thus appears to be one practicing in "an identifiable practice specialty." *Pierce v. Underwood,* 108 S.Ct. at 2554.

But the $40 enhancement sought here has little foundation. The Court has no evidence before it of the "prevailing market rates for the kind and quality of the services furnished."[7] 28 U.S.C. § 2412(d)(2)(A).

This application indicates that plaintiff's lawyer is the only private counsel specializing in Social Security law in the Petersburg area. Even if true, that is an overly strict interpretation of "availability;" the Court sees no reason why lawyers throughout the Richmond area cannot be considered "available."

The application also seeks reimbursement for $577.66 in expenses. These are fully documented and come within the meaning of "expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A).

### III

The Court will therefore order that the defendant pay to plaintiff a total of $5,841.55, representing an award under the EAJA for attorney's fees and allowable costs.

**5.** Taken from *CPI Detailed Report* 7 (BLS Feb. 1990).

**6.** Taken from *CPI Detailed Report* 10 (BLS Oct. 1981).

**7.** The EAJA "special factor" limitation precludes consideration of matters relevant to awards under other fee statutes, such as the novelty, difficulty or undesirability of a case, the ability of specific counsel, the results obtained, customary fees or awards in such cases, and the contingent nature of fee arrangements. *Pierce,* 108 S.Ct. at 2554.