Thomas SCAVONE, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Manly ABNEY, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Nos. 90 Civ. 0636, 88 Civ. 2260.

United States District Court, E.D. New York.

Jan. 9, 1992.

Victor Fusco, Scheine, Fusco, Brandenstein & Rada, P.C., Hempstead, N.Y., for plaintiffs.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendant.

## AMENDED MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Plaintiffs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (West Supp.1991), seek an award of attorney fees after successfully challenging a denial of disability benefits by the Secretary of Health and Human Services ("Secretary"). They also have requested a cost-of-living increase using the "Legal Services" category of the Consumer Price Index. EAJA currently provides for $75 per hour.

Because the Secretary's position in the underlying disability actions was substantially justified within the meaning of the EAJA, plaintiffs are not entitled to attorney fees. Were an award appropriate, the Legal Services category would provide the proper measure for cases in the Eastern District of New York.

The EAJA provides for an award of attorney fees and other expenses incurred by a prevailing party in certain civil actions against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as a course of legal action that would satisfy a reasonable person. The government's position is substantially justified if a " 'genuine dispute' " existed, *id.* 108 S.Ct. at 2550 (quoting Advisory Committee's Notes on 1970 Amendment to Fed.R.Civ.P. 37(a)(4)), or " 'if reasonable people could differ as to

[the appropriateness of the contested action].' " *Id.* (quoting *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir.1982); *see also Cohen v. Bowen*, 837 F.2d 582, 586 (2d Cir.1988) ("essentially a standard of reasonableness") (citing *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983)); *cf. Kirkland v. Railroad Retirement Bd.*, 706 F.2d 99, 105 (2d Cir.1983) (decision reasonable unless "devoid of legal or factual support"). A "deferential review of the district court's decision regarding attorney's fees under the EAJA" is required. *Pierce*, 108 S.Ct. at 2549.

■ Where a court reverses a decision by the Secretary, there is a prima facie showing that the Secretary's decision was not substantially justified. *McGill v. Secretary of Health & Human Services*, 712 F.2d 28, 30 (2d Cir.1983). The burden is then on the government to show substantial justification for the underlying agency action. *Cohen*, 837 F.2d at 585.

■ Proffer of "substantial evidence" in support of the Secretary's finding of no disability is not required to prove that the Secretary was "substantially justified" in denying the underlying claims. *Cohen v. Bowen*, 837 F.2d 582 (2d Cir.1988). In *Cohen*, the Second Circuit held that the government's decision

> to defend an administrative action may be substantially justified although the challenged administrative ruling was found to be unsupported by substantial evidence ... [and] ... a reversal based on the "hazy contours of the 'substantial evidence' rule" does not necessarily mean that the position of the Government was not substantially justified.

*Id.* at 585 (citing *Cohen v. Bowen*, No. 83-3963, slip op. at 7, 1987 WL 7737 (S.D.N.Y. Mar. 4, 1987)).

■ In *Scavone v. Sullivan*, No. 90-0636, the underlying issue of disability turned on whether the plaintiff could only perform sedentary work. Tr. April 30, 1991, at 10–13. There was a genuine dispute about the inferences to be drawn from the evidence, which remained unresolved even after remand. The evidence presented a doubtful case of disability. *Id.* at 10.

**978**

In *Abney v. Sullivan,* No. 88–2260, the medical evidence was indeterminate on the underlying issue of whether plaintiff was disabled. The plaintiff alleged an impairment due to hypertension and angina, but electrocardiogram results cast doubt on the existence of an impairment. Tr. Sept. 15, 1988, at 147, 150. Moreover, there were contradictory reports from two of the plaintiff's physicians: one characterized the hypertension as borderline, the other indicated that plaintiff could not return to his past work. *Id.;* compare Tr. at 142 *with* Tr. at 185. Given the contradictory evidence, the government cannot be said to have been unreasonable. *See Kirkland v. Railroad Retirement Bd.,* 706 F.2d 99, 105 (2d Cir.1983).

In both cases reasonable lawyers could disagree about the appropriate legal posture of the government. Both plaintiffs are precluded from receiving an award of attorney fees under the EAJA.

■ Since the Court of Appeals may disagree with this conclusion in one or both cases, it is appropriate to consider the issue of the measure of fees. An appropriate award should use the "Legal Services" category under the Consumer Price Index. *See De Walt v. Sullivan,* 756 F.Supp. 195, 201 (D.N.J.1991) (Legal Services category protects plaintiff's ability to obtain legal representation on par with that obtained in 1981 for $75 per hour); *Harris v. Sullivan,* 773 F.Supp. 612, 615 (S.D.N.Y.1991) (rate should reflect increase in legal fees not cost of living generally). In the Eastern District of New York, the cost of legal services has risen substantially faster than the cost of goods and other services so that there is a substantial gap between the general price index and that for legal services. In fixing legal fees, it is the cost of legal services that is relevant, not the cost of other necessities such as automobiles, bread and cable television.

Motions for legal fees under the EAJA are denied.

So ordered.