**Joyce WONDERS, Plaintiff,**

v.

**Donna M. SHALALA,[1] Secretary of Health and Human Services, Defendant.**

No. 89–C–1532.

United States District Court, E.D. Wisconsin.

June 2, 1993.

25(d)(1), Fed.R.Civ.P.

Hannah C. Dugan, Legal Action of Wisconsin, Inc., Milwaukee, WI, for plaintiff.

Stephen Liccione, Asst. U.S. Atty., Milwaukee, WI, for defendant.

### DECISION AND ORDER

WARREN, Senior District Judge.

On June 29, 1992, this Court ordered that judgment be entered in favor of plaintiff Joyce A. Wonders in the above-captioned dispute over the denial of disability benefits, but held in abeyance her motion for attorney fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). (Order of June 29, 1992 at 9.) The Court indicated that, in awarding attorney fees pursuant to the latter motion, it would employ the "Legal Services" component of the Consumer Price Index ("CPI–LSI") to adjust for inflation. (*Id.* at 7.) The Court also directed Ms. Wonders to submit evidence regarding the prevailing market rate for the kind and quality of services furnished in this case. (*Id.* at 9–10.) Such evidence having been submitted and responded to, Ms. Wonders' motion is again before the Court.

Also before the Court is the July 14, 1992 motion of defendant Secretary of Health and Human Services ("Secretary"), pursuant to Rule 59(e), Fed.R.Civ.P., to alter or amend the Court's June 29, 1992 judgment. The Secretary argues that the Order should be changed to reflect that the proper measure of inflation, for purposes of Ms. Wonders' motion, is the "All Items" component of the Consumer Price Index ("CPI–AI"), rather than the CPI–LSI. (Secretary's motion at 2.)

For the following reasons, the Secretary's motion is granted, and Ms. Wonders' motion is granted in part and denied in part.[2]

### I. MOTION TO ALTER OR AMEND JUDGMENT

■ Essentially, the Secretary argues that the Court's decision to employ the CPI–LSI relied solely on *Dewalt v. Sullivan,* 756 F.Supp. 195, 201 (D.N.J.1991), in which the district court held that the CPI–LSI was the appropriate inflation escalator to be applied to attorney fees awarded pursuant to the EAJA. *Id.* That court, however, was subsequently overruled by the Third Circuit, which employed the CPI–AI, a generally lower measure.[3] *Dewalt v. Sullivan,* 963 F.2d 27,

---

2. As resolution of Ms. Wonders' motion is dependent thereon, the Government's request is addressed first.

3. In many districts, the cost of legal services has risen substantially faster than the cost of other goods and services, so that there exists a substantial gap between the index for legal services and the general price index. *See, e.g., Scavone v. Sullivan,* 780 F.Supp. 976, 978 (E.D.N.Y.1992); *Harris v. Sullivan,* 773 F.Supp. 612, 615 (S.D.N.Y.1991); *Dewalt,* 756 F.Supp. at 201.

30 (3rd Cir.1992). As such, the Secretary argues, the Court should use the CPI–AI to adjust any award for attorney fees, and amend the Order of June 29, 1992 to reflect that intention. (Secretary's motion at 2.)

Upon reconsideration of the issue, the Court agrees with the Secretary. Section 2412(d)(2) of Title 28, United States Code, states in relevant part:

> (A) ... The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee....

28 U.S.C. § 2412(d)(2). On its face, the statute directs a district court to award fees in excess of $75 per hour upon determining that: (1) the prevailing market rates for the kind and quality of the services furnished equals or exceeds $75 per hour; and (2) an increase in the cost of living justifies the higher fee.[4] In making the latter determination, the court's range of action is not unlimited. Failure to adjust the statutory cap for inflation might be considered an abuse of discretion. *See, e.g., Sierra Club v. Secretary of the Army,* 820 F.2d 513, 521 (1st Cir.1987); *Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 704–07 (2d Cir.1987); *Allen v. Otis Bowen,* 821 F.2d 963 (3d Cir.1987); *Ramon–Sepulveda v. INS,* 863 F.2d 1458 (9th Cir.1988); *see, also, U.S. v. A Leasehold Interest in Property,* 789 F.Supp. 1385, 1394 (E.D.Mich.1992).

Controlling authority on the mechanics of the inflation escalator, however, is admittedly sparse. In this district, it appears, adjustments for cost of living are not necessarily made as a matter of course. *See, e.g., Magray v. Sullivan,* 807 F.Supp. 495, 500 (E.D.Wis.1992) (awarding $75 per hour); *McWilliams v. Sullivan,* 1989 WL 281919, * 2 (E.D.Wis.1989) (awarding $75 per hour); *Donahue v. Heckler,* 600 F.Supp. 153, 158 (E.D.Wis.1985) (awarding $75 per hour). Where they are made, adjustments are generally based on the CPI–AI or one of its broad component indexes. *See, e.g., Continental Web Press, Inc. v. NLRB,* 767 F.2d 321, 323–24 (7th Cir.1985) (Posner, C.J.) (though plaintiff company cannot demonstrate "special factor[s]" justifying higher award, court upholds award against NLRB including 10.6% adjustment "to reflect inflation ('increase in the cost of living')"); *Price v. Sullivan,* 756 F.Supp. 400, 404–05 (E.D.Wis.1991) (Curran, J.) (employing hourly rate of $106.12 to reflect the CPI–AI); *Lee v. Sullivan,* 723 F.Supp. 92 (E.D.Wis.1989) (Curran, J.) (employing hourly rate of $99 to reflect CPI for all urban consumers ("CPI–U")); *Brookens v. Sullivan,* 1989 WL 281918, * 3 (E.D.Wis.1989) (Reynolds, J.) (employing hourly rate based on Social Security Disability cost of living allowance). This Court did use the CPI–LSI in *Kieff v. Sullivan,* 89–C–1230 (E.D.Wis. December 20, 1991) (order granting motion for attorney fees) (Warren, J.), as Ms. Wonders correctly notes, (Plaintiff's Objections at 1), but that decision was based on the now-discredited holding of *Dewalt,* 756 F.Supp. at 201. (See Order of December 20, 1991 at 4.) Thus, no controlling authority of which the Court is aware compels us to use the CPI–LSI, or any index other than the CPI–AI.

Almost every other court that has applied Section 2412 has, albeit frequently without debate, employed the CPI–AI to adjust for inflation. *See, e.g., Harris v. Sullivan,* 968 F.2d 263 (2d Cir.1992); *Dewalt v. Sullivan,* 963 F.2d 27, 29 (3d Cir.1992); *Sullivan v. Sullivan,* 958 F.2d 574 (4th Cir.1992); *Russell v. Sullivan,* 930 F.2d 1443, 1446 (9th Cir.1991); *Wilkett v. ICC,* 844 F.2d 867, 875 (D.C.Cir.1988); *Hirschey v. FERC,* 777 F.2d 1, 5 (D.C.Cir.1985); *Action on Smoking and Health v. CAB,* 724 F.2d 211, 218 (D.C.Cir. 1984); *Stewart v. Sullivan,* 810 F.Supp. 1102, 1106 (D.Haw.1993); *DeFrancesco v. Sullivan,* 803 F.Supp. 1332 (N.D.Ill.1992); *Kling v. Secretary,* 790 F.Supp. 145, 152 (N.D.Ohio 1992); *Harris v. Secretary,* 792 F.Supp. 1014 (E.D.Va.1991); *Faulkner v. Bowen,* 673 F.Supp. 1549 (D.Or.1987). Some courts, declining to employ the CPI–AI, have used other comparably broad-based indexes. *See,*

---

4. Whether or not there exists a compensable "special factor" is not an issue before the Court.

*e.g., U.S. v. A Leasehold Interest in Property,* 789 F.Supp. 1385 (E.D.Mich.1992) (employing "Other Services" index component of the CPI); *Butts v. Bowen,* 775 F.Supp. 1167, 1172 (N.D.Ill.1991) (employing Chicago index component of CPI after explicitly rejecting the CPI–LSI and CPI–U); *Brookens,* 1989 WL 281918 at * 3 (employing Social Security Disability cost of living allowance).

Of course, alternative interpretations exist. *See Dewalt,* 963 F.2d at 30–33 (Becker, C.J., dissenting) (though EAJA does not specify basis for adjustment, legislation's structure compels use of prevailing rates for legal services). The Court recognizes that "one of the purposes of the EAJA is to encourage challenges to agency action and to provide a disincentive to agencies to prolong the litigation process; and that awarding higher, fully compensatory, fees would better serve these statutory purposes than lesser awards." *Dewalt,* 963 F.2d at 29 (citing *Natural Resources Defense Council v. U.S. EPA,* 703 F.2d 700 (3d Cir.1983). We must thus, as always, strike a careful balance, observing the purposes of Congress, while weighing heavily the language of the statute itself. So doing, the Court adheres to the sound rationale underlying the majority position. As the Third Circuit has aptly said: "... it is simply impossible to equate 'cost of living' with 'cost of legal services.' And it is inconceivable that Congress, in 1981, intended a definition of 'cost of living' which would measure it by a single component which was not measured and indexed until 1986.'" *Id.* at 30. *See also Sullivan,* 958 F.2d at 574 ("It is highly unlikely that Congress would have chosen this commonly used term, which is widely understood to be a composite of almost exclusively nonlegal costs ... had it intended to authorize adjustments to reflect increases in legal services costs in particular...."); *accord Harris v. Sullivan,* 968 F.2d at 265 ("we follow the well-reasoned opinions of the Third Circuit in *Dewalt* ... and the Fourth Circuit in *Sullivan*....." (emphasis in original)).

Without explicit direction from Congress, we will not make more vulnerable the public fisc. As such, the Secretary's motion will be granted. If the Court finds, based on the evidence submitted, that the prevailing market rate for legal services of the kind and quality rendered here exceeds the $75 statutory cap, the Court will make any adjustment in the cap justified by an increase in the cost of living based on the CPI–AI, and will order that the Court's Order of June 29, 1992 be amended to reflect this intention.

## II. MOTION FOR ATTORNEY FEES

 As the Secretary correctly notes, (Defendant's Response at 1), the movant bears the burden of producing satisfactory evidence of the prevailing market rate for the kind and quality of legal services rendered. *Blum v. Stenson,* 465 U.S. 886, 892 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). Thus, at the Court's direction, (Order of June 29, 1992 at 8), Ms. Wonders submitted affidavits from Attorneys David G. Dreis, Robert C. Angermeier, James E. Collis, and Arthur Heitzer, Milwaukee practitioners who attest that their regular hourly rates are $150. (Aff. Dreis ¶ 3; Aff. Angermeier ¶ 6; Aff. Collis ¶ 3; Aff. Heitzer ¶ 2.) Attorneys Dreis and Angermeier attest that their practices are comprised mainly of Social Security cases comparable to that before the Court. (Aff. Dreis ¶ 3; Aff. Angermeier at ¶¶ 2, 3.) The Secretary argues that such evidence is insufficient because, among other things, contingent fees cannot generally be used to determine prevailing market rates for the purpose of fee-shifting statutes. (Defendant's Response at 2.) We concur with the Secretary's statement of law. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *City of Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The Secretary's argument, however, is inapposite. Whether or not Attorney Dreis' personal fee is contingent or hourly, he attests, as does Attorney Angermeier, that the prevailing market rate for legal services in comparable Social Security cases is $150 per hour. (Aff. Dreis; Aff. Angermeier ¶ 3.) This, the Court finds, is sufficient evidence to sustain Ms. Wonder's burden of proof under *Blum,* 465 U.S. at 895, 104 S.Ct. at 1547 n. 11, at least for purposes of the inexact determination of the prevailing market rate necessary here.

Ms. Wonders has thus demonstrated that the prevailing market rate for attorney fees

for the kind and quality of services rendered exceeds $75 per hour, the maximum hourly rate awardable under the EAJA without any adjustment for increases in the cost of living. Applying the CPI–AI, the Court determines that the maximum hourly rate awardable under the EAJA, adjusted for inflation, is $102.28 per hour for 1989, $107.80 per hour for 1990, and $112.38 per hour for 1991.[5]

■■■ As for the number of hours compensable, the Court notes that Ms. Wonders' motion of March 2, 1992 includes a table of hours expended in this case by her attorney, Hanna C. Dugan. (Motion for Judgment and Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 at 4.) To this accounting, the Secretary registers two objections. First, the Secretary argues that Attorney Dugan's accounting should be itemized in tenths, rather than quarters, of an hour. (Defendant's Memorandum in Response to Plaintiff's Motion for Attorney fees Under the EAJA ("Defendant's Memorandum") at 8.) Though concurring with the principles of judicial economy underlying *Bowman v. Secretary of Health and Human Services,* 744 F.Supp. 898, 899–901 (E.D.Ark. 1989), cited by the Secretary, (Defendant's Memorandum at 8), the Court finds now, as it has before, (Order of June 29, 1992 at 8), that none of the time expenditures reported by Attorney Dugan are unreasonable for the services rendered. As such, the Court will require no further itemization. The Secretary also argues that legal services rendered to Ms. Wonder after remand are not compensable. The authority cited by the Secretary, however, actually supports the converse proposition under these circumstances, where we withheld final judgment and retained jurisdiction after remand. *See Melkonyan v. Sullivan,* — U.S. —, —, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level) (citing *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct.

2248, 2257, 104 L.Ed.2d 941 (1989)). As such, the Court will award fees, *inter alia,* for legal services rendered subsequent to remand. The Court therefore finds .75 hours compensable for services rendered in 1989, 20.75 hours compensable for services rendered in 1990, and 5.50 hours compensable for services rendered in 1991.

At the rates and for the hours indicated above, the total of the attorney fees awardable, and which this Court will award, to Ms. Wonders is $2,931.65.

## III. SUMMARY

For the foregoing reasons:

**IT IS HEREBY ORDERED** that the Secretary's motion pursuant to Rule 59(e), Fed. R.Civ.P., to alter or amend this Court's June 29, 1992 Order be **GRANTED.** That Order is hereby amended to reflect that, for the purposes of an adjustment for an increase in the cost of living to an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, the proper measure of inflation is the "All Items" component of the Consumer Price Index.

**IT IS FURTHER ORDERED** that Ms. Wonders' motion for attorney fees be **GRANTED IN PART AND DENIED IN PART.** Ms. Wonders' motion is granted to the extent of, and the Secretary ordered to pay her, $2,931.65; Ms. Wonders' motion is otherwise denied.

**SO ORDERED.**

---

**5.** These figures are derived from the percentage change in the CPI–AI since 1981, namely 6.2% in 1982, 3.2% in 1983, 4.3% in 1984, 3.6% in 1985, 1.9% in 1986, 3.6% in 1987, 4.1% in 1988, 4.8% in 1989, 5.4% in 1990, and 4.2% in 1991. *Statistical Abstract of the United States* 469 (1992) (source: Bureau of Labor Statistics, *Monthly Labor Review and Handbook of Labor Statistics* ).